# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| URBAN NECESSITIES 1 STOP SHOP, LLC, *et al*., | ) ) ) | CASE NO. 1:22-cv-2014 |
| Plaintiffs, | ) ) | JUDGE CHARLES E. FLEMING |
| v. | ) ) | |
| CITY OF CLEVELAND, *et al*., | ) ) | **MEMORANDUM ORDER AND OPINION** |
| Defendants. | ) ) | |

Before the Court is Defendant City of Cleveland ("Cleveland"), Defendant City of Cleveland Division of Streets  (the "Division of Streets), and Defendant City of Cleveland Office of Capital Projects' (the "Office of Capital Projects") (collectively "Defendants") Motion to Dismiss (ECF No. 4) Plaintiffs Urban Necessities 1 Stop Shop, LLC, Umar A. Clark, Bud Styling, LLC, Elegance Beauty Bar, LLC, and EVERYTHING105 LLC's (collectively "Plaintiffs") Complaint (ECF No. 1-1).  For the reasons discussed below, the Motion is **GRANTED**.

## I.      BACKGROUND

### A.  Factual Background

The allegations in this action arise from the East 105th Street Rehabilitation Project (the "Project").  (ECF No. 1-1, Compl. at PageID #12).  Plaintiffs each own and/or operate a business located on East 105th Street in Cleveland, Ohio.  (*Id*. at PageID #11).

#### 1.  The Project

Plaintiffs allege that in or around 2020, Defendants planned, authorized, and began the Project using the services, products, and/or materials of contractors pursuant to City Contract Agreements.  (*Id*. at PageID #12).  The Project began on or about January 14, 2020, and included

replacing water mains and connections, repairing and resurfacing roadway pavement, replacing damaged curbs, drive aprons, and sidewalks, creating Americans with Disabilities Act ("ADA") compliant curb ramps, upgrading four traffic signals, replacing drainage structures, updating pavement markings and parking lanes, and other updates, repairs, or fixes. (*Id*.). Plaintiffs assert the work took place from 7:00 a.m. to 5:00 p.m. and the Project was scheduled for completion through December of 2021. (*Id*.).

## 2.  The Dispute

Plaintiffs assert that their income, profit, customer-base, and businesses were affected by the Project because the work was negligently carried out at, near, and in front of their businesses and because the Project's duration extended beyond its scheduled completion date. (*Id*.). They allege that the Project caused several of their vehicles, and those of their customers and/or potential customers to be devalued, diminished, dirtied, and/or damaged. (*Id*. at PageID #12-13). They further claim that their employees, contractors, and customers could not park in front of their businesses or use the sidewalks in front of their businesses during regular business hours. (*Id*. at PageID #113). As a result, the Plaintiffs assert that their businesses, livelihood, earning ability and capacity, goodwill, reputation, real property, and/or vehicles and personal property were damaged. (*Id*.).

Plaintiffs allege that Defendants consciously disregarded the dangers presented by the Project, including road conditions of which Defendants had prior notice. (*Id*.). They also aver that Defendants knew or should have known of the dangers, and failed to provide visible, proper warning devices. (*Id*.). Plaintiffs contend that Defendants have failed and/or refused to 1) fix and resolve the alleged problems, issues, conditions, and damages, 2) regularly communicate with Plaintiffs and other local businesses on the progress and expected completion date of the Project,

3) help Plaintiffs and other local businesses obtain loans and mitigation programs or grants for slow business during the Project, and 4) notify Plaintiffs of the commencement and completion of the Project to allow or help Plaintiffs form business or marketing strategies.  (*Id*. at PageID #13-14).

Plaintiffs bring forth Ohio law claims for property damage, nuisance, conversion, negligence, tortious interference with business contracts and profits, and a federal claim for unconstitutional taking in violation of the Fifth Amendment.  (*Id*. at PageID #16-22).

**B.  Procedural Background**

Plaintiffs originally brought this action in the Cuyahoga County Court of Common Pleas on October 3, 2022.  (ECF No. 1-1, Compl.).  On November 8, 2022, Defendants removed the action to this Court.  (ECF No. 1, Removal).  On November 10, 2022, Defendants filed their Motion to Dismiss (ECF No. 4).  On November 16, 2022, Plaintiffs filed their Opposition to the Motion  (ECF No. 5).  On November 30, 2022, Defendants filed their Reply in Support of Motion (ECF No. 6).

## II.    LEGAL STANDARD

When ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))) (cleaned up).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* (citing *Twombly*, 550 U.S. at 556).  This standard is not about the plaintiff's probability of success; rather, it merely demands that a plaintiff plead enough facts for the court to reasonably infer that discovery will be productive.  *Id*. at 793-94 (citing *Twombly*, 550 U.S. at 556).

## III.    LAW & ANALYSIS

Defendants seek to dismiss Plaintiffs' claims against them, arguing that 1) the Division of Streets and the Office of Capital Projects are not *sui juris* and therefore cannot be sued; 2) the statute of limitations bars Plaintiffs' claims; 3) Plaintiffs' takings claim fails to state a viable cause of action under federal law; and 4) Plaintiffs' state law tort claims are barred by immunity under Ohio Rev. Code § 2744.01 *et seq*.  (ECF No. 4, Mot. to Dismiss at PageID #49).

### A.  Claims Against Division of Streets and Office of Capital Projects

#### 1.  Not *Sui Juris*

Defendants assert that the Division of Streets and the Office of Capital Projects are not *sui juris*; they lack the capacity to be sued.  (*Id*. at PageID #51).  "Capacity to sue or be sued" is governed by "the law of the state where the court is located."  Fed. R. Civ. P. 17(b)(3).  In Ohio, a party is not "*sui juris*" if it does not possess full capacity and rights to sue or be sued.  *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 559 (Ohio Ct. App. 2006).  To survive a motion to dismiss, the plaintiff must demonstrate that the defendant has the legal capacity to sue and to be sued; in other words, that the defendant is *sui juris*.  *Richardson v. Grady*, Nos. 77381, 77403, 2000 WL 1847588 at *2 (Ohio Ct. App. 2000).  As departments of the city, the Division of Streets and the Office of Capital Projects are not *sui juris*.  *See Id.* (holding "[a]s a department of the City of Cleveland, [the City of Cleveland Police Department] was not *sui juris*.  Instead, the real party in interest was the City of Cleveland.");  *Carmichael v. City of Cleveland*, 881 F.Supp.2d 833, 852 (N.D. Ohio, May 1, 2012) (holding the Cleveland Health Department was not *sui juris* because

"[a]dministrative units of a local government are not sui juris because they lack the power to sue and cannot be sued absent positive statutory authority.") (affirmed) (citing *Hicks v. City of Barberton*, No. 5:11cv76, 20ll WL 3022089 at *2 (N.D. Ohio July 22, 2011) (finding that municipal departments are merely sub-units of the municipalities they serve)).

### 2. *Monell* Liability

Plaintiffs argue that regardless of Ohio law regarding capacity to be sued, they can bring a § 1983 federal takings claim against the Division of Streets and the Office of Capital Projects because they are each a "person" under federal law.  (ECF No. 5, Opp. at PageID #65).  Plaintiffs premise their argument on the Supreme Court's holding in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); a local government may be sued under § 1983 when execution of a government policy or custom inflicts injury.  Thus, Plaintiffs must assert that the Division of Streets and Capital Projects are a "person" subject to suit under § 1983 because they are implementing an unconstitutional custom or policy.  (ECF No. 5, Opp. at PageID #66-67).

Plaintiffs cite *Turner v. City of Toledo*, 671 F.Supp.2d 967, 970-74 (N.D. Ohio 2009); *Wood v. Summit County Fiscal Office*, 579 F.Supp.2d 935, 964 (N.D. Ohio 2008); *Jerry v. Lake County/Bd. of Comm'rs*, No. 1:09-CV-2079, 2010 WL 3069561 (N.D. Ohio July 31, 2010); and *Sanford v. County of Lucas*, No. 3:07-CV-3588, 2009 WL 723227 at *3 (N.D. Ohio Mar. 16, 2009) for the proposition that a government entity's not *sui juris* status does not preclude liability under § 1983.  (ECF No. 5, Opp. at PageID #65-66).

The courts in *Turner*, *Wood*, and *Sanford* all determined that a county can be sued under § 1983.  *See Turner,* 671 F.Supp.2d at 970–74 (stating that a county's *sui juris* status, or lack thereof, does not preclude application of § 1983); *Wood*, *579* F.Supp.2d at 964 (accepting that Summit County, Ohio can be sued on a *Monell* claim); and *Sanford*, 2009 WL 723227 at *3 (holding that

Lucas County, Ohio can be sued under § 1983).  Indeed, the Sixth Circuit has expressly permitted suits under § 1983 to proceed against Ohio counties, on the ground that counties do not enjoy sovereign immunity.  *See S.J. v. Hamilton County, Ohio,* 374 F.3d 416, 420 (6th Cir. 2004).  The Division of Streets and the Office of Capital Projects are not Ohio counties, and this holding does not extend to them.  In *Jerry*, although the district court allowed plaintiff to bring § 1983 claims against Lake County, Ohio, it dismissed the § 1983 claims against the City of Painesville Probation Department and Municipal Court because they are not *sui juris*.  *Jerry*, 2010 WL 3069561 at *4, n. 1. Plaintiffs do not cite, and the Court does not find, any precedent holding that a city department, division, or office are persons that can be sued under § 1983.

Moreover, "[m]unicipal liability only attaches in '*Monell* Claims,' that is those situations in which a plaintiff establishes that a custom, policy, or practice attributable to the municipality was the "moving force" behind the violation of the plaintiff's constitutional rights."  *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007).  For reasons discussed *infra*, Plaintiffs have failed to plead facts showing that there is an custom, policy, or practice that is the driving force behind the alleged violation of their rights, nor have they pled facts showing their constitutional rights were violated.  All claims against the Division of Streets and the Office of Capital Projects are dismissed.

## B.  Statute of Limitations

Defendants argue that Plaintiffs' § 1983 claim is time-barred as the applicable statute of limitations required the claim to be brought within two years after the cause of action accrued. (ECF No. 4, Mot. to Dismiss at PageID #51-53).  "The statute of limitations for a claim for relief under [§] 1983 is governed by the state statute of limitations for personal injury claims."  *Bowden v. City of Franklin, Kentucky*, 13 Fed.Appx 266, 272 (6th Cir. 2001).  "An action against a political

subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function…shall be brought within two years after the cause of action accrues. Ohio Rev. Code § 2744014(A). The Sixth Circuit has held that a two-year statute of limitations applies to § 1983 claims in Ohio. *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Banks v. City of Whitehall,* 344 F.3d 550, 553 (6th Cir.2003); *Browning v. Pendleton,* 869 F.2d 989 (6th Cir.1989) (en banc)).

"While statutes of limitations and tolling principles are governed by state law, the question of when a federal civil rights claim accrues remains one of federal law." *Bowden*, 13 Fed.Appx at 272. "In general, a civil rights claim for relief accrues when the plaintiff knows or has reason to know of the injury that is the basis of his action." *Id*. (citing *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991) (citing *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984)). "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier,* 742 F.2d at 273.

Plaintiffs concede that the applicable statute of limitation is two years. (ECF No. 5, Opp. at PageID #67-68). Defendants argue that Plaintiff's claim accrued on or about January 14, 2020, when Plaintiffs began incurring damages as a result of the Project. (ECF No. 4, Mot. to Dismiss at PageID #53). Plaintiffs assert that the Project was scheduled to be complete in December 2021, thus, their claim was timely filed on October 3, 2022. (ECF No. 5, Opp. at 68). The Court is not persuaded by Plaintiffs' argument.

Plaintiffs allege that their income, profit, and businesses were injured because the Project 1) caused their vehicles and personal property to be damaged and 2) prevented customers, employees, and contractors to park in front of their businesses and use the sidewalk. (ECF No. 1-1, Compl. at PageID 12-13). Plaintiffs assert that this alleged conduct, that occurred beginning in January 2020,

7

caused an unconstitutional taking of their property.  (*Id*. at PageID #13).  It follows that Plaintiffs were aware of their injuries beginning in January 2020 when the Project began, therefore, their cause of action accrued in January 2020.  Plaintiffs assert that even if the Court finds that the cause of action began to accrue in January 2020, either the Continuing Violation Doctrine or equitable tolling preserves the claim.  (*Id*. at PageID #68-69).

### 1. Continuing Violation Doctrine

The Continuing Violation Doctrine provides that when there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls withing the limitations period.  *Kovacevich v. Kent State University*, 224 F.3d 806, 829 (6th Cir. 2000).  The Continuing Violation Doctrine only applies in two limited categories of cases.  *Baar v. Jefferson County Bd. of Educ.*, 311 Fed.Appx. 817, 823-24 (6th Cir. 2009) (holding the Continuing Violation Doctrine did not permit plaintiff to pursue time-barred § 1983 First Amendment claims).  "The first category arises when the plaintiff alleges a prior discriminatory activity that continues into the present."  *Baar*, 311 Fed.Appx. at 824 (quoting *Bell v. Ohio State Univ.,* 351 F.3d 240, 247 (6th Cir.2003) (internal quotation marks omitted).  "[A] good example of which is a hostile-work-environment claim that is based on the cumulative effect of individual acts, and that manifests itself over time, not at any one moment."  *Id*. (quoting *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 115 (2002) (internal quotation marks omitted)).  "The second category arises when the plaintiff can show a long-standing and demonstrable policy of discrimination against a class of which the plaintiff is a member.  *Id*. (quoting *Sharpe v. Cureton,* 319 F.3d 259, 267 (6th Cir.2003) (internal quotation marks omitted)).  Plaintiff has not alleged any facts that Defendants' alleged conduct is discriminatory nor that there

is a policy of discrimination that exists against them as members of a class.  The Continuing Violation Doctrine does not apply.

## 2. Equitable Tolling

Equitable tolling is the doctrine that "the statute of limitations will not bar a claim if the plaintiff, despite diligent efforts, did not discover the injury until after the limitations period had expired." *Mezo v. Holder*, 615 F.3d 616, 620 (6th Cir. 2010).  "[T]olling principles are governed by state law…" *Bowden*, 13 Fed.Appx at 272; *See Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) ("Having borrowed the state's statute of limitations for the § 1983 claims, we apply the state's tolling rules as long as they are not inconsistent with federal law or policy.") (quoting *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 842 (6th Cir. 2015) (internal quotations omitted)).

Ohio courts have rarely invoked the doctrine of equitable tolling. *Ashdown v. Buchanan*, No. 2:17-CV-495, 2021 WL 2643111 at *4 (S.D. Ohio June 28, 2021) (citing *Weikle v. Skorepa*, 69 Fed.Appx. 684, 687 (6th Cir. 2003)).  "A litigant seeking equitable tolling must show that he has diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action."  *Id.* (quotations omitted).  "Equitable tolling under Ohio law is to be applied sparingly and only in exceptional circumstances."  *Id.* (citing *G.G. Marck and Associates, Inc. v. Peng*, 762 Fed.Appx. 303, 312 (6th Cir. 2019)).  Plaintiffs frame their equitable tolling argument in terms of federal law.  (ECF No. 5, Opp. at PageID #69).  "Federal courts also apply equitable tolling sparingly."  *Ashdown*, 2021 WL 2643111 at *4 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (internal citations omitted)).  Plaintiffs fail to allege facts showing they diligently pursued their rights and were prevented by extraordinary circumstances.  Plaintiffs contend that they filed this action on October

9

3, 2022 because the Project was scheduled for completion in December 2021.  (ECF No. 5, Opp. at PageID #69).  Even if the Project was not scheduled to be complete until December 2021, Plaintiffs were not prevented from bringing their claim.  The Project's completion date is irrelevant to their ability to pursue their claim.  Equitable tolling does not apply.  Accordingly, Plaintiff's § 1983 claim is time-barred.

## C.  Failure to State a Claim

Even if Plaintiff's claims were not time-barred, Count Four fails to state a § 1983 claim for a taking in violation of the Fifth Amendment.

### 1.  42 U.S.C. § 1983

"Every person who, under the color of any statute, ordinance, regulation, or usage, of any State…subjects, or causes to be subjected, any…person…to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured…"  42 U.S.C. § 1983.  Defendants maintain that they cannot be held liable for a § 1983 claim premised on their employing or contracting the alleged tortfeasor.  (ECF No. 4, Mot. to Dismiss at PageID #53).  Indeed, "a municipality cannot be held liable solely because it employs a tortfeasor – or in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell* 436 U.S at 691.  Plaintiffs do not address this argument in their Opposition.  Rather, Plaintiffs contend that they have stated a takings claim.  (ECF No. 5, Opp. at PageID #70-72).

To state § 1983 claim, Plaintiffs must plead facts showing 1) they suffered harm caused by a constitutional violation, and 2) Cleveland was responsible for the violation.  *Spears v. Ruth*, 589 F.3d 249, 256 (6th Cir. 2009).   As to the second element, Plaintiff must plead facts showing the

implementation of an official municipal policy or established custom caused the violation.  *Id*. (citing *Monell*, 436 U.S. at 708).

### a.  Official Policy or Custom

Plaintiffs only invoke Ohio law and city ordinances once in the Complaint stating "[b]ased upon Ohio law and the Ordinances of the City of Cleveland, Defendants City have the duty to maintain safe highway[s], street[s], and otherwise exercise ordinary care as to prevent injury to people and property."  (ECF No. 1-1, Compl. at PageID #12).  Indeed, Plaintiffs acknowledge the purpose of the Project was to carry out this duty, stating that the Project included new water mains, connections and drainage structures, repairing pavement, replacing damaged curbs, drive aprons, and sidewalks, creating ADA compliant curb ramps, upgrading traffic signals, and new pavement markings and parking lanes.  (*Id*.).  Plaintiffs contend that they "have no issue with a rehabilitation project being planned or commenced to better the community at large."  (ECF No. 5, Opp. at PageID #68).  Plaintiffs assert that their issue is with the length of time to reasonably complete the Project.  (*Id*.).  However, Plaintiffs do not allege that the unreasonable length of the Project is being carried out pursuant to any official policy or custom of Cleveland.

### b.  Constitutional Violation

Plaintiffs assert that they suffered harm caused by Defendants committing an unconstitutional taking of their property in violation of the Fifth Amendment.  (ECF No. 1-1, Compl. at PageID #19).  The Takings Clause of the Fifth Amendment provides that private property shall not "be taken for public use, without just compensation."  U.S. Const. amend. V.  "A taking may assume one of two forms: *per se*, also known as a physical taking, or regulatory."  *McCarthy v. City of Cleveland*, 626 F.3d 280, 284 (6th Cir. 2010) (citing *Waste Mgmt., Inc. of Tenn. v. Metro. Gov't of Nashville and Davidson County,* 130 F.3d 731, 737 (6th Cir.1997)).  "A physical taking

occurs when "the government physically intrudes upon a plaintiff's property." *Id.*  Plaintiff has not alleged a *per se* taking.

"A regulatory taking occurs when a governmental enactment leaves a property owner with '*no* productive or economically beneficial use' of his property.'"  *Id.* (quoting *Lucas v. South Carolina Coastal Council,* 505 U.S. 1003, 1017 (1992) (emphasis in original)).  It also occurs when a government enactment "prevents the property owner from enjoying "'some – but not  all – economic uses."  *Id.* (quoting *Harris v. City of St. Clairsville,* 330 Fed.Appx. 68, 76 (6th Cir.2008)).  Plaintiffs assert Defendants have committed the latter.  (ECF No. 5, Opp. at PageID #70-71).

Courts conduct a factual inquiry analyzing the *Penn Central* factors, which have "particular significance" in determining whether there has been a taking; 1) the character of the governmental action, 2) the economic impact of the regulation on the claimant, and 3) the extent to which the regulation has interfered with the claimant's distinct investment-backed expectations. *Waste Mgmt.*, 130 F.3d at 737; *Connolly v. Pension Benefit Guar. Corp.,* 475 U.S. 211, 224–25 (1986) (citing *Penn Central Transp. Co. v. New York City,* 438 U.S. 104, 124 (1960).

As discussed above, the Project was authorized in order to improve and maintain the East 105th Street roadway, curbs, drainage and sidewalk.  Plaintiffs have claimed that they suffered injury to their business and profits, but have not alleged any facts to plausibly support this claim.  Plaintiffs also failed to plead any facts to show that the Project interfered with their investment-backed expectations.  Plaintiffs direct the Court to the *Penn Central* factors, but argue that it is not appropriate to engage in the factual inquiry required to analyze the *Penn Central* factors.  (ECF No. 5, Opp. at PageID #71-72).  Plaintiffs' Complaint contains only a conclusory takings claim; Plaintiff provides no facts to support a reasonable inference that Cleveland committed an

unconstitutional taking of their property.  *See Twombly*, 550 U.S. at 556.  Accordingly, Count Four is dismissed on the ground that Plaintiffs have failed to state a § 1983 takings claim.

**D.  State Law Claims**

Counts One, Two, Three, Five, and Six of the Complaint are state law claims.  (See ECF No. 1-1, Compl.).  District courts have "supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C.  § 1367(a).  "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."  *Id*.  "If the federal claims are dismissed before trial, the state claims generally should be dismissed as well."  *Wojnicz v. Davis*, 80 Fed.Appx. 382, 384–85 (6th Cir. 2003) (citing *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992)).  Because the Court dismisses the only federal claim brought against Defendants, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.  Counts One, Two, Three, Five, and Six are dismissed as to Cleveland and Defendants' immunity defense to these claims is, therefore, moot.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants City of Cleveland, City of Cleveland Division of Streets, and City of Cleveland Office of Capital Projects' Motion to Dismiss (ECF No. 4).

**IT IS SO ORDERED.**

Dated: September 29, 2023

_Charles Fleming_
_____

CHARLES E. FLEMING
U.S. District Court Judge