UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| URBAN NECESSITIES 1STOP SHOP, LLC, *et al.*, | CASE NO. 1:22-cv-02014 |
| Plaintiffs, | JUDGE CHARLES E. FLEMING |
| v. | |
| CITY OF CLEVELAND, *et al.*, | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

Before this Court is Defendant Perk Company, Inc.'s ("Perk") Motion for Partial Judgment on the Pleadings (ECF No. 10). Plaintiffs Urban Necessities 1Stop Shop, LLC, Umar A. Clark, Bud Styling, LLC, Elegance beauty Bar, LLC, and EVERYTHING105 LLC (collectively, "Plaintiffs") timely opposed Perk's Motion. (ECF No. 12). For the reasons discussed below, Defendant's Motion is **GRANTED**.

## I. PROCEDURAL BACKGROUND

On October 3, 2022, Plaintiffs filed a complaint in the Cuyahoga County Court of Common Pleas against City of Cleveland, City of Cleveland, Division of Streets, and City of Cleveland, Office of Capital Projects (collectively, the "Cleveland Defendants"), as well as Mahorsky Group Inc. and Perk. (ECF No. 1-1, Compl.). Plaintiffs each own and/or operate a business located on East 105th Street in Cleveland, Ohio. (*Id.* at PageID #11). Plaintiffs alleged that the Defendants planned, authorized, and started work on, the East 105th Street Rehabilitation Project (the "Project") and the complaint asserted six causes of action against Defendants: (i) Property Damage (Count One); (ii) Nuisance (Count Two); (iii) Conversion (Count Three); (iv) Unconstitutional and Illegal Taking (Count Four); (v) Negligence (Count Five); (vi) Tortious Interference with Business

1

Contracts and Profits (Count Six); and (vii) Declaratory Judgment / Injunction (Count Seven). (*Id.* at PageID #11–24).

On October 26, 2022, Plaintiffs filed a notice of voluntary dismissal pursuant to Ohio's Civ. R. 41(A)(1)(a) as to all claims against Mahorsky Group, Inc.[1] (ECF No. 1-2, PageID #26; Electronic docket, Cuyahoga Court of Common Pleas, Case No. CV-22-969519, Notice filed Oct. 26, 2022). On November 8, 2022, Defendants removed the action to this Court, invoking federal question jurisdiction. (ECF No. 1). On November 10, 2022, the Cleveland Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 4). On September 29, 2023, this Court granted the Motion to Dismiss and entered judgment in favor of the Cleveland Defendants. (ECF Nos. 14, 15).

While the Cleveland Defendants' motion to dismiss was pending, Defendant Perk filed the instant Motion for Partial Judgment on the Pleadings on February 3, 2023. (ECF No. 10). Plaintiffs filed their Opposition to the Motion on March 2, 2023. (ECF No. 12). On March 16, 2023, Perk filed its Reply in Support of its Motion for Partial Judgment on the Pleadings. (ECF No. 13).

## II.     FACTUAL BACKGROUND

### A.     The Project

Plaintiffs allege that, in or around 2020, the Cleveland Defendants contracted with Perk to begin construction on the Project. (*Id.* at PageID #12). The Project began on or about January 14, 2020; it included replacing water mains and connections, repairing and resurfacing roadway pavement, replacing damaged curbs, drive aprons, and sidewalks, creating Americans with

---

[1] This notice of dismissal served to dismiss all claims against Mahorsky Group, Inc. and remove them as a party from this action. *See* Ohio Civ. R. 41(A)(1)(a); *Olynyk v. Scoles*, 114 Ohio St. 3d 56, 61, 868 N.E.2d 254, 258 (Ohio 2007).

Disabilities Act compliant curb ramps, upgrading four traffic signals, replacing drainage structures, updating pavement markings and parking lanes, and completing other updates, repairs, or fixes. (*Id.*). Plaintiffs assert that work on the Project took place from 7:00 a.m. to 5:00 p.m. and it was scheduled for completion in phases through December of 2021. (*Id.*).

**B.     The Dispute**

Plaintiffs assert that their income, profit, customer-base, and businesses were affected by the Project because the work was negligently carried out at, near, and in front of their businesses and because the Project's duration extended beyond its scheduled completion date. (*Id.*). They allege that the Project caused several of their vehicles, and those of their customers and/or potential customers, to be devalued, diminished, dirtied, and damaged. (*Id.* at PageID #12–13). Plaintiffs further contend that their employees, contractors, and customers could not park in front of their businesses or use the sidewalks in front of their businesses during regular business hours. (*Id.* at PageID #113). As a result, Plaintiffs assert that their businesses, livelihood, earning ability and capacity, goodwill, reputation, real property, vehicles, and personal property were damaged. (*Id.*).

Plaintiffs allege that Defendants consciously disregarded the dangers presented by the Project, including road conditions of which Defendants had prior notice. (*Id.*). They also assert that Defendants knew, or should have known, of the dangers, and failed to provide visible, proper warning devices. (*Id.*). Plaintiffs contend that Defendants failed and/or refused to: (i) fix and resolve the alleged problems, issues, conditions, and damages; (ii) regularly communicate with Plaintiffs and other local businesses on the progress and expected completion date of the Project; (iii) help Plaintiffs and other local businesses obtain loans and mitigation programs or grants for slow business during the Project; and (iv) notify Plaintiffs of the commencement and completion

of the Project to allow or help Plaintiffs to form corresponding business or marketing strategies. (*Id.* at PageID #13–14).

### III. PENDING MOTION FOR JUDGMENT ON THE PLEADINGS

Perk seeks judgment on the pleadings on Count Four in its favor, first arguing that Plaintiffs' unconstitutional takings claim against Perk fails as a matter of law because it is not a state actor under the "public function test," the "state compulsion test," and the "symbiotic relationship or nexus test" ("nexus test"). (ECF No. 10, PageID #103–08). Perk further argues that Count Four fails as a matter of law on the merits and the applicable statute of limitations bars Count Four. (*Id.* at PageID #108-09).

Plaintiffs respond that they can maintain their claim for an unconstitutional taking against Perk because Perk: (i) physically intruded upon and obstructed Plaintiffs' properties, thus creating a *per se* physical taking; and (ii) qualifies as a state actor. (ECF No. 12, PageID #120–24). Plaintiffs argue that Perk is a state actor under the "public function test" because the Cleveland Defendants delegated maintenance of public streets, sidewalks, and other public ways to Perk, which are traditional, public functions of the government. (*See id.* at PageID #121–23). Plaintiffs also assert that Perk qualifies as a state actor under the nexus test. (*Id.* at PageID #123). Finally, Plaintiffs contend that the statute of limitations does not bar Count Four because of the continuing violations doctrine and equitable tolling. (*Id.* at PageID #124–26).

Perk replies that it does not qualify as a state actor under the public function test because courts have recognized that private contractors performing construction work for government entities do not transform into state actors. (ECF No. 13, PageID #130–31). Perk further argues that it does not qualify as a state actor under the nexus test because the factual allegations in the pleadings are insufficient to draw a reasonable inference that Perk is a state actor under the test.

4

(*Id.* at PageID #133–35). Regarding the statute of limitations, Perk argues that the continuing violations doctrine does not apply to this case and incorporated by reference the arguments on the doctrine set forth in the Cleveland Defendants' reply in support of their Motion to Dismiss. (*Id.* at PageID #135–36 (citing ECF No. 6, PageID #77–79)).

## IV. LEGAL STANDARD

After the pleadings are closed, a party may move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which is essentially a delayed motion under Rule 12(b)(6) and is evaluated under the same standards. *See Anders v. Cuevas*, 984 F.3d 1166, 1174 (2021). Because the standards are the same, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Solo v. UPS Co.*, 819 F.3d 788, 793 (6th Cir. 2016 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007))). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The complaint must "contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Center, Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). In assessing plausibility, the Court construes factual allegations in the complaint in the light most favorable to the plaintiff, accepts the allegations of the complaint as true, and draws all reasonable inferences in the plaintiff's favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Solo*, 819 F.3d at 793. This standard, however, does not impose a requirement to determine the chances of success for the plaintiff; it merely requires

a plaintiff to plead sufficient facts to show that discovery will be productive. *Solo*, 819 F.3d at 793–94 (citing *Twombly*, 550 U.S. at 556).

## V.  DISCUSSION

### A.  The State Action Doctrine

Section 1983 creates a private cause of action for deprivations of constitutional rights against private parties under certain circumstances. *See Tahfs v. Proctor*, 316 F.3d 584, 590–91 (6th Cir. 2003). To state a § 1983 claim, Plaintiffs must plead facts showing 1) the conduct was attributable to the person acting under color of state law, and 2) that the defendant's actions deprived the plaintiff of "'any rights, privileges, or immunities secured by the Constitution or laws of the United States.'" *Bell Mgmt. & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (quoting 42 U.S.C. § 1983). If these elements are not demonstrated, then "'[a] plaintiff may not proceed under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct.'" *Boykin v. Van Buren Twp.*, 479 F.3d 444, 451 (6th Cir. 2007) (quoting *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)); *see Lausin v. Bishko*, 727 F. Supp. 2d 610, 625 (N.D. Ohio 2010) (explaining that the absence of either element means that the § 1983 claim has not been pleaded). Whether a party is a state actor is a question of law. *Blum v. Yaretsky*, 457 U.S. 991, 996–98 (1982).

State action occurs when a defendant exercised power "possessed by virtue of state law ***and made possible only because*** the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (emphasis added). Moreover, private conduct becomes state action under § 1983 when the conduct is "fairly attributable to the state." *Luger v. Edmondson Oil Co.*, 457 U.S. 922, 947 (1982). Federal courts use several tests for determining whether a defendant should be a state actor for the purpose of a § 1983 claim: the public function, state

6

compulsion, and nexus tests are three of the most common. *Wolosky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992).

**B.    Defendant Perk is Not a State Actor**

Plaintiffs contend that Perk qualifies as a state actor under the public function test and the nexus test. (ECF No. 12, PageID #121–24). Perk disagrees. (ECF No. 10, PageID #104–08; ECF No. 13, PageID #128–31, 133–35). Reviewing the parties' arguments and the applicable record, the Court agrees with Perk and finds that it does not constitute a state actor under either test.[2]

**1.    The Public Function Test**

The public function test provides that private conduct is deemed state action when a private entity "exercised powers traditionally reserved exclusively to the state." *Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *see Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352, 42 L. Ed. 2d 477, 95 S. Ct. 449 (1974)). The burden is on the Plaintiffs to prove, based on their factual allegations in the complaint, that there is a "reasonable inference" that the function is traditionally relegated to the state. *Marie v. Am. Red Cross*, 771 F.3d 344, 362 (6th Cir. 2014) (quoting *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003) ("[T]he court must conduct a historical analysis to determine whether the party has engaged in an action traditionally reserved to the state, and the plaintiff bears the burden of making that showing.")) "Simply alleging in a complaint that the [defendant] is a state actor . . . is no longer, if it ever was, sufficient to survive a motion to dismiss." *Id.* (citing *Iqbal v. Twombly*, 556 U.S. 662, 678 (2009)).

---

[2] The Court will not analyze Perk's conduct under the state compulsion test because: (i) neither of the parties have argued for its application (with Plaintiffs raising no arguments concerning that test in their opposition brief); and (ii) there are no allegations in the complaint, or indications in the record, that the state compulsion test is applicable to this action.

The doctrine is interpreted narrowly, with only functions like holding elections, exercising eminent domain, and operating a company-owned town falling within its scope. *Chapman*, 319 F.3d at 833–34 (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 157–58 (1978); *Jackson v. Metro. Edison Co.*, 417 U.S. 345, 352–53 (1974); *Marsh v. Alabama*, 326 U.S. 501, 505–09 (1946)); *see also Nugent v. Spectrum Juv. Just. Servs.*, 72 F.4th 135, 140 (6th Cir. 2023) ("But we interpret the public-function test narrowly, and under it we rarely attribute private conduct to the state."). Many other actions with extensive government regulation, like insurance, education, and electrical utilities, have been deemed to ***not*** qualify as state actions. *Marie*, 771 F.3d at 362. Private entities do not become state actors under § 1983 solely because they accepted employment from a state contractor. *Bell Mgmt.*, 122 F. App'x at 222.

The crux of Plaintiffs' argument is that the "function of the maintenance of public streets, sidewalks, and other public ways" is a function traditionally reserved to the state; thus, the Cleveland Defendants "delegating" power to work on the Project to Perk satisfies the public function test. (*See* ECF No. 12, PageID #121–23). The Court finds Plaintiffs' argument unpersuasive. Plaintiffs have not pled facts to support a reasonable inference that Defendant is a state actor under the public function test. The complaint does not contain allegations that Perk was delegated the exclusive power to maintain all the public streets and sidewalks in Cleveland, let alone those associated with the Project. Assisting the Cleveland Defendants by performing construction work related to the Project pursuant to a public contract did not transform Perk into a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982) ("Acts of [] private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts.").

    **2.**    **The Symbiotic Relationship/Substantial Nexus Test**

Under the nexus test, a private party may be a state actor if its actions are either subject to the government's "management or control" or "entwined with governmental policies." *Lindke*, 37 F.4th at 1203 (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001)). Since § 1983 cannot apply to private parties engaged in purely private conduct, the nexus test asks whether a sufficiently close nexus exists "between the state and the *challenged action*." *Blackwell v. Allen*, No. 22-1300, 2022 WL 17832191, at *4 (6th Cir. Dec. 21, 2022) (citing *Wilcher v. City of Akron*, 498 F.3d 516, 520 (6th Cir. 2007)) (emphasis in original). This is because "not every action undertaken by a person who happens to be a state actor is attributable to the state." *Waters v. City of Morristown*, 242 F.3d 353, 359 (6th Cir. 2001). The plaintiff must demonstrate that "the state is intimately involved in the challenged private conduct" for Section 1983 to apply to private defendants. *Id.*

Perk argues that Plaintiffs "fail to specifically allege any relationship or close nexus" between the City of Cleveland and Perk. (ECF No. 10, PageID #107). In their opposition, Plaintiffs describe the nexus test, citing related authority, but they do not provide any argument, or cite any facts alleged in the complaint, that demonstrate why Perk qualifies as a state actor under the test. (*See* ECF No. 12, PageID # 123–24). Aside from allegations that the Cleveland Defendants hired Perk as a contractor for the Project, Plaintiffs have alleged nothing more to show the level of the Cleveland Defendants' involvement with Perk relating to its work on the Project, let alone whether it had any *intimate* involvement.

The Court cannot find any factual allegations that create a reasonable inference to support Plaintiffs' claim that Perk is a state actor under the nexus test. Because the Plaintiffs' have not pled facts to create a reasonable inference that Perk was a state actor under the public functions test or the nexus test, Defendant's Motion for Partial Judgment on the Pleadings (ECF No. 10) is

9

**GRANTED**. Accordingly, the Court need not address the statute of limitations relative to Plaintiffs' federal takings claim against Perk.

C. **State Law Claims**

The remaining claims in this action are state law claims for relief against Perk (Counts One, Two, Three, Five, and Six). (*See* ECF No. 1-1, PageID #15–18, 20–24). District courts have "supplemental jurisdiction over all claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction." *Id.* "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996); *see also Gamel v. City of Cincinnati*, 625 F.3d 949, 952-53 (6th Cir. 2010) (holding that the district court acted properly in declining supplemental jurisdiction and remanding the action to state court when the case was at an early stage of litigation, discovery wasn't over, and no summary judgment motion was filed). District courts have wide discretion to determine whether to exercise supplemental jurisdiction over remaining state law claims or whether they should be remanded to state court. *See Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000). Because the Court has dismissed all federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and concludes that the case should be **REMANDED** to state court.

VI. **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Perk's Motion for Partial Judgment on the Pleadings.  (ECF No. 10).  Count Four is **DISMISSED WITH PREJUDICE** as to Perk.  The remainder of this action is **REMANDED** to the Cuyahoga County Court of Common Pleas.

**IT IS SO ORDERED.**

Dated: March 29, 2024

_____
CHARLES E. FLEMING
U.S. District Court Judge